## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DEANDRA WATLEY,**

                **Plaintiffs,**             **CIVIL ACTION NO. 10-CV-10024**

        **vs.**                     **DISTRICT JUDGE GEORGE CARAM STEEH**

**RUSSELL A. FARROW, INC.**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**and TRANSPORTATION**
**SERVICES, INC., et al.,**

                **Defendants.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT RUSSELL A. FARROW, LTD. (DOCKET NO. 23)

This matter comes before the Court on Plaintiff's Motion To Compel Discovery From Defendant Russell A. Farrow, Ltd. (RAF), filed under seal on July 22, 2010. (Docket no. 23). Defendant RAF filed a Response under seal on August 16, 2010. (Docket no. 36). Plaintiff filed a Reply on August 24, 2010. (Docket no. 40). The parties filed a Joint Statement of Resolved and Unresolved Issues on September 7, 2010. (Docket no. 45). This matter was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 26). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). The matters being fully briefed the motion is now ready for ruling.

According to Plaintiff and Defendant RAF's Joint Statement, all issues have been resolved except Plaintiff's Request To Produce No. 2, which asks Defendant RAF to "[p]roduce all financial records including but not limited to, state and federal taxes from January 2005 to the present,

balance sheets, income statements and all schedules attached thereto." (Docket no. 23-245). Plaintiff argues that the request is "relevant to refute any possible claims of Defendant based on its financial circumstances, for example, that it was not able to train employees," and that the request is relevant Defendant's financial condition with respect to an assessment of punitive damages. (Docket no. 23 p.4).

Plaintiff's claims are pursuant to Title VII of the Civil Rights Act of 1963, Michigan's Elliot-Larsen Civil Rights Act and Michigan's Whistleblowers' Protection Act. (Docket no. 1). The Court agrees with Defendant that the Request to Produce no. 2 is overly broad and not limited to relevant information. Fed. R. Civ. P. 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . [and] [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Plaintiff's argument that this is relevant to refute "possible claims" based on financial circumstances is speculative. Defendant states that it "has not claimed and has no intention of claiming financial hardship." Defendant also argues that its past financial condition "is irrelevant to its current 2010 ability to pay a punitive damages award, in the unlikely event liability is found." (Docket no. 36). Plaintiff argues that because the past two years have been "historically poor economic years" more years are necessary. Defendant argues that one to two years of financial information is sufficient to demonstrate its current financial condition.

The Court finds that the current year and a previous year's financial information may be relevant to Defendant's financial condition for purposes of an award of punitive damages. *See Romanski v. Detroit Entertainment, L.L.C.,* 428 F.3d 629, 647-49 (6th Cir. 2005) (a defendant's financial position may be relevant to state's interest in retribution). Furthermore, Plaintiff's request

for "all financial records" is overly broad. The Court will therefore order Defendant RAF to produce state and federal tax returns from 2009 and 2010 (as they become available), balance sheets, income statements and any and all schedules attached thereto. The Court will deny Plaintiff's request for attorneys fees and costs in this matter. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel Discovery From Defendant Russell A. Farrow, Ltd. (docket no. 23) is **GRANTED** in part and Defendant will produce within fourteen (14) days of entry of this Order its 2009 and 2010 state and federal tax returns, balance sheets, income statements and any and all schedules attached thereto within their possession, custody or control. Defendants' will produce the 2010 financial information as it becomes available but not beyond the conclusion of this case. The documents may be produced pursuant to the parties' Stipulated Confidentiality Protective Order (docket no. 22).

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Motion To Compel Discovery From Defendant Russell A. Farrow, Ltd. (docket no. 23) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 14, 2010  s/ Mona K. Majzoub     
          MONA K. MAJZOUB
          UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 14, 2010       s/ Lisa C. Bartlett
                                   Case Manager