UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRA WATLEY,

      Plaintiffs,                CIVIL ACTION NO. 10-CV-10024

   vs.                         DISTRICT JUDGE GEORGE CARAM STEEH

RUSSELL A. FARROW, INC.      MAGISTRATE JUDGE MONA K. MAJZOUB
and TRANSPORTATION
SERVICES, INC., et al.,

      Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT TRANSPORTATION SERVICES, INC. (DOCKET NO. 24)

This matter comes before the Court on Plaintiff's Motion To Compel Discovery From Defendant Transportation Services, Inc. (TSI), filed under seal on July 22, 2010. (Docket no. 24). Defendant TSI filed a Response In Opposition on August 16, 2010. (Docket no. 35). Plaintiff filed a Reply on August 24, 2010. (Docket no. 39). The parties filed a Joint Statement of Resolved and Unresolved Issues on September 7, 2010. (Docket no. 44). This matter was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 26). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). The matters being fully briefed the motion is now ready for ruling.

According to Plaintiff and Defendant TSI's Joint Statement, all issues have been resolved except Plaintiff's Interrogatory Nos. 2, 3 and 4, Request to Produce No. 2 and an issue related to redacted documents. Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of

1963, Michigan's Elliot-Larsen Civil Rights Act and Michigan's Whistleblowers' Protection Act. (Docket no. 4). Interrogatory Nos. 2, 3 and 4 are relevant to Plaintiff's claims, including that she was wrongfully terminated. Fed. R. Civ. P. 26(b)(1). The Court finds that Defendant TSI's answer to Interrogatory No. 2, as supplemented by Defendant TSI on July 22, 2010, provides more detail than the original answer. Defendant's answer, however, references "multiple incidences of inappropriate conduct" and identifies only a single incident. The Court will order Defendant TSI to amend its supplemental answer to identify the "multiple" incidents

Defendant TSI's answer to Interrogatory No. 3 is not sufficient because it unilaterally limits Plaintiff's inquiry to individuals who participated in the decision to terminate Plaintiff. The Court will order Defendant to serve an amended answer based upon Defendant TSI's knowledge, information and belief formed after a reasonable inquiry as to whether any persons had knowledge of or were aware of Plaintiff's claims of sexual harassment and retaliation against Russell A. Farrow at the EEOC. If Defendant TSI has such knowledge, information or belief of such individuals, Defendant TSI will also answer sub-parts (a) and (b) of Interrogatory No. 3. Similarly, the Court will order Defendant TSI to answer Interrogatory No. 4 to state whether it has knowledge, information or belief after a reasonable inquiry of "any discussion at TSI of Plaintiff's complaints against Russell A. Farrow of sexual harassment and retaliation." If Defendant TSI has knowledge, information or belief of any such discussions, it will also answer sub-parts (a) and (b) of Interrogatory No. 4.

Plaintiff's Request To Produce No. 2 asks Defendant TSI to "[p]roduce all financial records including but not limited to, state and federal taxes from January 2005 to the present, balance sheets, income statements and all schedules attached thereto." (Docket no. 24-3). Plaintiff argues that the request is "relevant to refute any possible claims of Defendant based on its financial circumstances,

for example, that it was not able to train employees," and that the request is relevant Defendant's financial condition with respect to an assessment of punitive damages. (Docket no. 23 p.4).

The Court agrees with Defendant TSI that Request to Produce No. 2 is overly broad and not limited to relevant information. Fed. R. Civ. P. 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . [and] [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Plaintiff's argument that this is relevant to refute "possible claims" based on financial circumstances is speculative. Defendant has not raised any claims or defenses related to its financial condition. Defendant argues that it sill produce insurance information upon request which should be sufficient. (Docket no. 44). Plaintiff argues that because the past two years have been "historically poor economic years" more years are necessary to demonstrate Defendant TSI's financial condition.

The Court finds that the current year and a previous year's financial information may be relevant to Defendant's financial condition for purposes of an award of punitive damages. *See Romanski v. Detroit Entertainment, L.L.C.,* 428 F.3d 629, 647-49 (6th Cir. 2005) (a defendant's financial position may be relevant to state's interest in retribution). However, Plaintiff's request for "all financial records" is overly broad. The Court will therefore order Defendant RAF to produce state and federal tax returns from 2009 and 2010 (as they become available), balance sheets, income statements and any and all schedules attached thereto.

Finally, Plaintiff argues that some of Defendant TSI's documents contain redactions but cites only one document as an example. (Docket no. 24 p.4). Defendant TSI argues that only two documents contain redactions, has identified them by bates number and states that the redacted portions are medical information related to a TSI employee, and therefore not relevant. Defendant

TSI states that it has offered Plaintiff's counsel the opportunity to review the unredacted versions of the documents on an "attorney's eyes only" basis. The Court will order Defendant TSI to produce a privilege log listing the redacted documents and describing them in accordance with Fed. R. Civ. P. 26(b)(5) including "describing the nature of the document [or] communication . . . not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

The Court will deny Plaintiff's request for attorneys fees and costs in this matter. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel Discovery From Defendant Transportation Services, Inc. (docket no. 24) is **GRANTED** in part and Defendant will produce and serve on Plaintiff within fourteen (14) days of entry of this Order amended answers to Interrogatory Nos. 2, 3, and 4 as set forth above, a privilege log listing the redacted documents, and its 2009 and 2010 state and federal tax returns, balance sheets, income statements and any and all schedules attached thereto within its possession, custody or control. Defendant TSI will produce the 2010 financial information as it becomes available but not beyond the conclusion of this case. The documents may be produced pursuant to the parties' Stipulated Confidentiality Protective Order (docket no. 22).

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Motion To Compel Discovery From Transportation Services, Inc. (docket no. 24) is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 15, 2010            s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 15, 2010            s/ Lisa C. Bartlett
                                     Case Manager